UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SHANE LEE ZIMMERMAN,

Plaintiff,

v.  CAUSE NO.: 3:19-CV-610-JD-MGG

ANDREW BAUER, et al.,

Defendants.

OPINION AND ORDER

Shane Lee Zimmerman, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Zimmerman alleges that, on July 16, 2019, Officer Andrew Bauer of the Mishawaka Police Department pulled him over between 7th and 8th Streets in Mishawaka. It is not clear why Zimmerman was stopped, but he was eventually placed in handcuffs and removed from the vehicle. While being escorted to Officer

Bauer's patrol car, Officer Bauer suddenly tightened the handcuffs so that they cut into Zimmerman's skin. Officer Bauer then picked Zimmerman up into the air and slammed him onto the ground, striking him in the face with a closed fist in the process. Officer Bauer threw Zimmerman into the police vehicle and transported him to the St. Joseph County Jail.

Zimmerman asserts a claim of excessive force against Officer Bauer. "A claim that an officer employed excessive force in arresting a person is evaluated under the Fourth Amendment's objective-reasonableness standard." *Abbott v. Sangamon Cty., Ill.*, 705 F.3d 706, 724 (7th Cir. 2013). The question in Fourth Amendment excessive use of force cases is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989). "The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application." *Bell v. Wolfish*, 441 U.S. 520, 559 (1979). Rather, the question is whether the totality of the circumstances justifies the officers' actions. *Graham*, 490 U.S. at 396. Giving Zimmerman the benefit of the inferences to which he is entitled at this stage, the complaint states a plausible Fourth Amendment claim of excessive force against Officer Bauer for monetary damages.

Zimmerman also names the Mishawaka Police Department as a defendant. Because the Mishawaka Police Department has no separate legal existence from the City of Mishawaka, the police department is not a suable entity. *See Fain v. Wayne Cty. Auditor's Office*, 388 F.3d 257, 261 (7th Cir. 2004); *Argandona v. Lake Cty. Sheriff's Dep't*,

2007 WL 518799, at *3 (N.D. Ind. 2007); Mishawaka Ordinance § 2-361, available at [https://library.municode.com/in/mishawaka/codes/code_of_ordinances](https://library.municode.com/in/mishawaka/codes/code_of_ordinances). As a result, Zimmerman cannot proceed against this defendant.

For these reasons, the court:

(1) GRANTS Shane Lee Zimmerman leave to proceed against Andrew Bauer on a Fourth Amendment claim for money damages for using excessive force during the arrest on July 16, 2019;

(2) DISMISSES the Mishawaka Police Department;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Andrew Bauer at the Mishawaka Police Department with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Andrew Bauer to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which Shane Lee Zimmerman has been granted leave to proceed in this screening order.

SO ORDERED on August 13, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT