UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SHANE LEE ZIMMERMAN,

    Plaintiff,

    v.                                                                CAUSE NO.: 3:19-CV-610-JD-MGG

ANDREW BAUER,

    Defendant.

OPINION AND ORDER

Shane Lee Zimmerman, a prisoner without a lawyer, is proceeding in this case against one defendant on one claim: "Andrew Bauer on a Fourth Amendment claim for money damages for using excessive force during the arrest on July 16, 2019 . . .." ECF 4 at 3. Officer Bauer moved for summary judgment. ECF 26. Zimmerman filed a response, and Officer Bauer filed a reply. ECF 31 and 32.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id*. To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party

and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). Summary judgment "is the put up or shut up moment in a lawsuit . . .." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008).

The question in Fourth Amendment excessive use of force cases is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989). "The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application." *Bell v. Wolfish*, 441 U.S. 520, 559 (1979). Rather, the question is "whether the totality of the circumstances" justifies the officers' actions. *Graham* at 396. The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the perfect vision of hindsight. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the Fourth Amendment. *Id*. An officer's use of force is unreasonable if, judging from the totality of the circumstances at the time of the arrest, the officer uses greater force than was reasonably necessary to effectuate the arrest. *Gonzalez v. City of Elgin,* 578 F.3d 526, 539 (7th Cir. 2009). "Factors relevant to the reasonableness inquiry include . . . whether

[the suspect] is actively resisting arrest or attempting to evade arrest by flight." *Williams v. Brooks*, 809 F.3d 936, 944 (7th Cir. 2016).

Here, it is undisputed that, on July 16, 2019, Officer Bauer initiated a traffic stop of a car being driven by Zimmerman. It is also undisputed that Officer Bauer asked Zimmerman to step out of the car, informed Zimmerman that he was being detained because the car had been reported as stolen, placed Zimmerman in handcuffs, and escorted Zimmerman to the patrol car. However, the accounts differ thereafter.

Zimmerman asserts that, while Officer Bauer was escorting him to the patrol car, Officer Bauer suddenly tightened the handcuffs so that they cut into his skin, which caused him to have a "jolt" reaction. ECF 1 at 2. Zimmerman asserts that Officer Bauer then picked him up in the air, slammed him onto the ground, struck him with a closed fist, and threw him into the police vehicle. *Id.*

On the other hand, according to Officer Bauer he was escorting Zimmerman to his patrol car when Zimmerman "ran in an attempt to escape and flee toward a nearby alley." ECF 27-1 at 2. Officer Bauer "regained hold of Zimmerman's arm and used his momentum to take him to the ground." *Id.* As Zimmerman approached the ground, Officer Bauer placed his foot underneath Zimmerman's head so that his head would not hit the pavement. *Id.* Officer Bauer immediately placed a pressure point on Zimmerman's jugular notch as a pain compliance tool. *Id.* at 3. Officer Bauer then assisted Zimmerman from the ground and guided Zimmerman into the vehicle by his right arm. *Id*. Officer Bauer asserts that he never struck Zimmerman in the face. *Id.* at 3.

3

Officer Bauer argues that there are no genuine issues of disputed material facts because Zimmerman's allegations are refuted by the body camera footage, Zimmerman's booking photo, and Zimmerman's signed booking questionnaire. ECF 27. Zimmerman responds that material facts are in dispute because (1) he did not attempt to flee from Officer Bauer, and (2) the booking photo shows that he had sustained an injury around his left eye, which supports his assertion that Officer Bauer had struck him with a closed fist. ECF 31.

Generally, a court is required to view the facts in the light most favorable to the nonmoving party. *Ogden*, 606 F.3d at 358. However, when "the evidence includes a videotape of the relevant events, the Court should not adopt the nonmoving party's version of the events when that version is blatantly contradicted by the videotape." *Williams v. Brooks*, 809 F.3d 936, 942 (7th Cir. 2016) citing *Scott v. Harris*, 550 U.S. 372, 379-80 (2007).

Here, Zimmerman's version of the facts is blatantly contradicted by the video evidence. Specifically, Officer Bauer's body camera video shows the following: While Officer Bauer is escorting Zimmerman to the patrol car, Zimmerman pulls away from Officer Bauer and Officer Bauer pulls Zimmerman to the ground by his arm. ECF 30. As Zimmerman is being pulled to the ground, he states, "I'm just playing." *Id.* Officer Bauer places his foot behind Zimmerman's head to prevent his head from hitting the pavement. *Id.* Officer Bauer holds Zimmerman on the ground for several seconds and orders Zimmerman to stop resisting. *Id.* Zimmerman states that he was not trying to run, and that he only had pulled away because Officer Bauer was "hurting his hand."

4

*Id.* Officer Bauer then pulls Zimmerman off the ground and guides him into the patrol car by his right arm, pressing down on the top of his head. *Id.*

Thus, the body camera video directly refutes Zimmerman's version of the facts. First, it shows that Zimmerman did attempt to flee, as Zimmerman acknowledges in the video that he had pulled away from Officer Bauer, and Officer Bauer reasonably could have believed that Zimmerman was attempting to flee. *See Graham* at 396; *Williams*, 809 F.3d at 944. Second, the video refutes Zimmerman's assertion that Officer Bauer picked him up and slammed him onto the ground. Instead, it shows that Officer Bauer pulled Zimmerman to the ground and placed his foot behind Zimmerman's head to prevent him from hitting the concrete. Third, the video refutes Zimmerman's assertion that Officer Bauer threw Zimmerman into the back of his patrol car. Instead, it shows that Officer Bauer guided Zimmerman into the car by his arm and pressed his head down so that he would not hit it on the vehicle. Finally, the video refutes Zimmerman's assertion that Officer Bauer struck him with a closed fist while Officer Bauer was restraining him on the ground.  Although Zimmerman's entire face is not visible while he is being held on the ground, the manner in which Officer Bauer restrained Zimmerman and the fact that Zimmerman's head never makes any sudden movements while he is on the ground strongly supports Officer Bauer's assertion that he did not strike Zimmerman with a closed fist. From what can be seen in the video, no reasonable juror could conclude that Officer Bauer struck Zimmerman in the face with a closed fist.

In addition, Zimmerman asserts that a booking photo taken after his arrest shows that he sustained an injury around his left eye, but, to the extent that the photo

5

shows an injury, this does not establish that Officer Bauer struck Zimmerman with a closed fist. ECF 31 at 5. Zimmerman also asserts that the state failed to produce video footage from Officer Bauer's patrol car, but Zimmerman has not presented any evidence to contradict the state's assertion that no such footage existed, nor has he explained how that video would have shown anything different than the body camera video. *Id.* at 3.

In sum, based on the evidence presented, no reasonable jury could conclude that Officer Bauer used excessive force against Zimmerman. *See Scott*, 550 U.S. at 380-81 (where a videotape "utterly discredited" the plaintiff's version of events, summary judgment should have been granted for police officer on excessive force claim). Accordingly, Officer Bauer is entitled to summary judgment.

For these reasons, the court:

(1) GRANTS Officer Bauer's summary judgment motion (ECF 26); and

(2) DIRECTS the clerk to enter judgment in favor of Officer Bauer and against Shane Zimmerman.

SO ORDERED on March 9, 2021

_____/s/JON E. DEGUILIO_____
CHIEF JUDGE
UNITED STATES DISTRICT COURT